STATE, EX REL. EQUITABLE BUILDING, LOAN & SAVINGS ASSOCIATION, RELATOR, v. DARIUS M. AMSBERRY, SECRETARY OF STATE, RESPONDENT.

FILED JULY 14, 1920.   No. 21540.

Building and Loan Associations: ORGANIZATION. The law requires a building and loan association to file its articles of incorporation with the secretary of state and to pay in advance a filing fee based on the amount of authorized capital stock. Rev. St. 1913, secs. 568. 2423.

844 · NEBRASKA REPORTS. [Vol. 104

State, ex rel. Equitable Building, Loan & Savings Ass'n, v. Amsberry.

Original proceeding in mandamus to compel respondent to file amended articles of incorporation of relator. *Writ denied.*

*Reeder & Lightner,* for relator.

*Clarence A. Davis, Attorney General,* and *Mason Wheeler, contra.*

Rose, J.

The Equitable Building, Loan & Savings Association, relator, amended its articles of incorporation to increase its authorized capital stock from $500,000 to $1,000,000, and this is an application for a writ of mandamus to compel the secretary of state, respondent, to file the amendment in his office. Respondent resists the allowance of the writ on the ground that relator failed to pay in advance a filing fee of $250. Relator contends that the law requiring the payment of such a fee does not apply to a building and loan association.

The statute requires payment of fees in advance to the secretary of state for filing "articles of association, incorporation or consolidation, domestic or foreign," and "for filing certificate of increase of capital stock of any corporation, association or consolidation, domestic or foreign." The principal fee for this particular service of the secretary of state is based on the amount of the capital stock. If the statute requiring payment of these fees applies to building and loan associations, the fee demanded by the secretary of state is payable in advance as a condition of filing the amendment. Rev. St. 1913, sec. 2423.

It was formerly held that building and loan associations need not file articles of incorporation with the secretary of state, and that therefore they were not required to pay the fee in question. *State v. Searle,* 86 Neb. 259. Later, however, the legislature amended the law and these associations are now required to make the filing. Rev. St. 1913, sec. 568. The literal

terms of the statutes as they now stand, therefore, require relator to file its amendment with the secretary of state and to pay in advance a fee of $250.

Relator argues, nevertheless, that building and loan associations do not have "capital stock" in the ordinary sense of that term, and that their capital more nearly resembles bank deposits, which are not a basis for fees payable to the secretary of state. This proposition is answered by the provisions of the statutes themselves. A building and loan association is a corporation. It must adopt articles of incorporation, have authorized capital stock, make filings, and comply with other requirements of the general law. The legislature made no exceptions based on a mere difference in the nature of capital stock. Building and loan associations were required to file their articles of incorporation with the secretary of state after this court had reviewed the history of legislation on this subject and had observed:

"We can see no reason in requiring the articles to be filed with the secretary of state, another copy to be filed with the state auditor, and still another copy to be filed with the state banking board, and, in addition to these filings, to require a certificate to be filed with the secretary of state showing the filing of the articles with the auditor; and, unless such an intention of the law is plain, it ought not to be imputed to the legislature." *State v. Searle,* 86 Neb. 259.

It might have been further observed with equal propriety that there is no obvious reason for exacting a large fee from an economic association devoted largely to preserving and increasing savings in small amounts and to providing funds on easy terms for home-building. The legislation, however, is plain, and it does not exempt building and loan associations from the filing or from the payment of the filing fee.

It is further argued that recent legislation exempts relator from the payment of the fee, reference being made to the following provision:

"The capital stock of every such association shall consist of the accumulated payments made by its members and dividends credited thereon, and shall be represented by shares." Laws 1917, ch. 10, sec. 1.

The point urged is that this provision makes the capital stock an uncertain and varying amount without a basis for the filing fee demanded by respondent. The legislation seems to limit to payments and dividends the character of property receivable by the association for capital stock, rather than to make a definite amount of authorized capital stock unnecessary. The language quoted is the concluding sentence of a mere amendment of a particular section of the act relating to building and loan associations. Laws 1917, ch. 10, sec. 1, Rev. St. 1913, sec. 485. The provision itself refers to "capital stock" and to "shares." The section as amended requires dealings between members and the association according to the "par-value of the shares of stock." The statute relating to corporations generally seems to contemplate a definite amount of capital stock authorized by the articles of incorporation. Rev. St. 1913, secs. 565-586. Published notice of the amount of capital stock authorized is specifically required. Rev. St. 1913, sec. 572. Building and loan associations are not excepted. The conclusion is that the amendment quoted from the statute does not exempt relator from the payment of the fee. The writ is therefore denied and the action is

DISMISSED.

DEAN and ALDRICH, JJ., not sitting.